Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Héctor Rafael Ponce Ayala | Certiorari |
|---|---|
| Ex Parte | 2010 TSPR 73<br><br>179 DPR \_\_\_\_ |

Número del Caso: CC-2010-302

Fecha: 18 de mayo de 2010

Tribunal de Apelaciones:

Región Judicial de Bayamón y San Juan

Jueza Ponente:       Hon. Aleida Varona Méndez

Oficina de la Procuradora General:

Lcda. María T. Caballero García

Abogado de la Parte Recurrida:

Lcdo. José E. Arzola Méndez

Materia: Habeas Corpus

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del pr oceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servici o público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Héctor Rafael Ponce Ayala

Ex Parte

CC-2010-0302

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 18 de mayo de 2010.

En esta ocasión, el Ministerio Público nos solicita la revocación de una sentencia del Tribunal de Apelaciones, Región Judicial de Bayamón. En dicha sentencia, el foro apelativo intermedio decidió que el término constitucional de detención preventiva antes del juicio comienza a transcurrir desde el arresto del individuo y no desde la vista de causa probable para el arresto en la que se impuso fianza. Por los siguientes fundamentos, revocamos la sentencia recurrida.

Este recurso nos brinda la oportunidad de decidir cuándo comienza a transcurrir el término

provisto en el Art. II, Sec. 11 de la Constitución de Puerto Rico. Resolvemos que el término de detención preventiva, para efectos de esa norma constitucional, comienza a partir del momento en que el imputado queda detenido por no poder prestar la fianza requerida o desde su revocación. De ordinario, esto ocurre en la vista en que se determina causa probable para arresto.

I

Por hechos ocurridos el 25 de agosto de 2009, el Ministerio Público presentó una denuncia contra el Sr. Héctor Ponce Ayala. En dicha denuncia, el Ministerio Fiscal le imputó al señor Ponce Ayala haber asesinado a la Sra. Mildred Pérez Rodríguez, con quien sostenía una relación.

El Tribunal de Primera Instancia encontró causa probable para el arresto contra el señor Ponce Ayala el 27 de agosto de 2009. El foro primario determinó causa probable para el arresto por violaciones del Art. 106 (asesinato) y al Art. 204 (escalamiento agravado) del Código Penal de 2004, 33 L.P.R.A. secs. 4734 y 4832. Además, se le imputó la violación del Art. 5.05 de la Ley de Armas, 25 L.P.R.A. sec. 458d. El Tribunal de Primera Instancia impuso una fianza de 1,200,000.00, la cual no fue prestada por el señor Ponce Ayala, por lo que éste fue ingresado en la Cárcel Regional de Bayamón.

El juicio fue señalado para el 23 de febrero de 2010. El 22 de febrero de 2010, el señor Ponce Ayala presentó

ante el foro primario una petición de *hábeas corpus* en la que adujo que había transcurrido el término de seis meses que dispone la Constitución de Puerto Rico como máximo para la detención preventiva antes de juicio. El 23 de febrero de 2010, el imputado renunció a su derecho a juicio por jurado y se juramentó al primer testigo. El foro primario señaló para el 25 de febrero de 2010, la vista para atender el *hábeas corpus*.

El Tribunal de Primera Instancia decidió que el juicio comenzó el último día del término máximo de 180 días por lo que no procedía el auto de *hábeas corpus*. Inconforme con esta determinación, el señor Ponce Ayala acudió al Tribunal de Apelaciones para cuestionar el dictamen del foro primario.

El foro apelativo intermedio revocó al Tribunal de Primera Instancia y decidió que el término aludido se encontraba vencido, por lo que procedía la excarcelación inmediata del señor Ponce Ayala. El Juez Hernández Sánchez disintió de ese dictamen pues concluyó igual que el foro primario.

Inconforme con esa determinación, el Ministerio Público acude ante nos. Contamos con la comparecencia de las partes, por lo que procedemos a resolver la controversia planteada.

La controversia en este recurso se centra en determinar la fecha en que comenzó a transcurrir el término de los seis meses que dispone el Art. II, Sec. 11,

de la Constitución de Puerto Rico. El señor Ponce Ayala fue arrestado el 25 de agosto de 2009 y la determinación de causa probable para el arresto se realizó el 27 de agosto de 2009. Ya que el juicio comenzó el 23 de febrero de 2010, la fecha a tomar en consideración para el término de los seis meses es de vital importancia para resolver el auto de *hábeas corpus*.

Si la fecha de inicio es el día del arresto, el juicio comenzó transcurridos los seis meses que dispone la Constitución de Puerto Rico como máximo para una detención preventiva. Por el contrario, si la fecha de inicio es el día en el que se encontró causa probable para arrestar, el juicio comenzó dentro del término provisto por la norma constitucional.

II

La Constitución de Puerto Rico establece en su Art. II, Sec. 11, que "[t]odo acusado tendrá derecho a quedar en libertad bajo fianza antes de mediar fallo condenatorio. La detención preventiva antes del juicio no excederá de seis meses". Esta cláusula constitucional tiene el propósito de asegurar la comparecencia del acusado cuando éste no ha prestado la fianza, y a la vez, evita que se le castigue excesivamente por un delito que no ha sido juzgado. Pueblo v. Paonesa Arroyo, res. el 26 de febrero de 2008, 2008 T.S.P.R. 34, 2008 J.T.S. 55, 173 D.P.R. ___ (2008).

Esta protección exige que el juicio se inicie dentro de un término de seis meses desde la detención preventiva del imputado. Id. El juicio comienza con el juramento preliminar del jurado en casos por jurado o desde que el primer testigo presta juramento en casos por tribunal de derecho. Id. Si el imputado está detenido preventivamente en exceso de esos seis meses y sin que se haya iniciado el juicio, deberá ser excarcelado.

Ahora bien, no hemos resuelto de forma directa la fecha que se toma como punto de partida para computar el término de seis meses dispuesto por nuestra Constitución. El Ministerio Público afirma que esa protección abriga al imputado desde la determinación de causa probable para el arresto, no antes. Se basa en que, de ordinario, es desde esa determinación que al imputado se le impone fianza o se le detiene porque no la puede prestar.

Esta interpretación ha sido el entendido general. Incluso nuestra propia jurisprudencia así lo refleja. En Sánchez v. González, Alcaide de Cárcel, 78 D.P.R. 849 (1955), el Juez Asociado señor Negrón Fernández expresó:

> La convención obviamente estimó que un período mayor de **detención preventiva en espera de juicio, en defecto de fianza,** constituía un gravamen sobre el ciudadano que, presumiéndose inocente hasta el momento de recaer convicción, era restringido por el Estado —en el ejercicio de su poder de custodia— en el disfrute de su libertad personal, con el solo propósito de hacerle comparecer a juicio en su día.
>
> Id., págs. 856-857 (Op. Concurrente del Juez Asociado señor Negrón Fernández a la

que se unieron el Juez Presidente señor
Snyder y Juez Asociado señor Sifre
Dávila). Énfasis nuestro.

De una lectura de la cita anterior se infiere que la protección está disponible desde que el imputado no puede prestar fianza, cuestión que ocurre, al menos, tras la determinación de causa probable para el arresto. Debido a que la fianza es impuesta por un juez, la no prestación de la misma requiere la previa intervención de éste. Reglas de Procedimiento Criminal 6(b), 22(b) y 218, 34 L.P.R.A. Ap. II R. 6(b), 22(b) y 218. "De no obligarse la persona arrestada a cumplir las condiciones impuestas, o de no prestar fianza, ordenará su encarcelación". Regla 22(b) de Procedimiento Criminal, supra. Según nuestras pasadas expresiones, esa detención por ausencia de fianza o por su revocación, inicia la detención preventiva de seis meses a la que alude nuestra Constitución.

Además, hemos expresado que "[c]uando el imputado no puede prestar la fianza que le fue impuesta, queda sometido a detención preventiva durante el periodo anterior al juicio. Es decir, permanece sumariado en espera de que se celebre el proceso criminal en su contra". Pueblo v. Paonesa Arroyo, supra, pág. 3. Esa protección constitucional persigue asegurar la comparecencia "cuando éste no ha prestado fianza". Ibíd.

De acuerdo con estas expresiones, la detención preventiva ocurre "cuando [el acusado] no ha prestado fianza". Id. Es evidente que eso sólo puede ocurrir, al

menos, con la intervención de un juez en la vista para determinar causa probable para el arresto, no antes. Regla 6 de Procedimiento Criminal, supra.

Bajo ese supuesto, la detención preventiva que dispone el Art. II, Sec. 11, de la Constitución es aquella que priva de libertad a un imputado después de la determinación de causa probable para su arresto. Esto es, la detención que puede ocurrir antes no debe considerarse como una detención preventiva para efectos de esa protección constitucional, pues no está relacionada con la imposición de la fianza.

De igual forma, nuestra jurisprudencia más reciente ha entendido que el término aludido comienza a contar desde que el imputado no presta la fianza requerida. Véanse, Pueblo v. Pagán Medina, (en reconsideración) res. el 9 de febrero de 2010, 2010 T.S.P.R. 16, pág. 1, 2010 J.T.S. 25, pág. 1101, 178 D.P.R. __ (2010); Pueblo v. Pagán Medina, res. el 18 de febrero de 2009, 2009 T.S.P.R. 31, pág. 1, 2009 J.T.S. 34, pág. 530, 175 D.P.R. __ (2009). En esos casos, manifestamos que el imputado "no prestó la fianza y permaneció detenido preventivamente desde entonces". Ibíd.

Debido a que en esos casos no tuvimos ante nuestra consideración directa la cuestión sobre el momento en que comienza a contar la protección constitucional aludida, es menester auscultar ahora la intención de la Convención Constituyente. Esta protección no tiene equivalente en la

Constitución de los Estados Unidos. E.L. Chiesa Aponte,
Derecho Procesal Penal de Puerto Rico y Estados Unidos,
1ra ed., Colombia, Ed. Forum, 1993, Vol. II, Sec. 17.2,
pág. 461.

Las garantías constitucionales consagradas en la
Carta Magna local persiguen asegurar un proceso criminal
justo, rápido y equitativo. Al respecto, el delegado Jaime
Benítez afirmó:

> Aquí, en estas garantías consignadas,
> están las protecciones necesarias al
> ciudadano para que pueda, frente a
> cualquier situación, frente a cualquier
> problema, sentirse protegido en toda la
> amplitud del derecho procesal.
>
> Diario de Sesiones de la Convención de
> Puerto Rico, Ed. 1961, pág. 1105.

Ese término de seis meses es de vital importancia
pues la Convención Constituyente, tras rechazar una
enmienda para establecer un plazo menor, concluyó que ese
término persigue que no se ponga en riesgo la
administración de la justicia. El delegado Reyes Delgado
expresó sobre el término de seis meses: "¿Se pone en
peligro la administración de la justicia? No. ¿Puede darse
un término más corto sin poner en peligro la
administración de la justicia criminal? No". Id., pág.
1595. Además, éste delegado expresó que "si se rebajaran a
menos de seis meses, estaríamos poniendo en peligro el
principio total y entorpeciendo la administración de la
justicia". Id., pág. 1596.

Del debate de la Convención Constituyente se desprenden las siguientes expresiones que transcribimos por ser esenciales para resolver la controversia aquí planteada. De un análisis de las mismas se debe concluir que la protección aludida ampara al imputado desde que éste no puede prestar la fianza impuesta.

> Señor Gelpí:
>
> Actualmente los fiscales tienen la **obligación de formular acusación contra cualquier delincuente dentro de los 60 días de haber prestado fianza o haber detenido al acusado** y actualmente con esta enmienda de la carta de derecho se les está dando a los fiscales un plazo de seis meses para poder ellos radicar las acusaciones.
> ...
> Mediante esta enmienda de (sic) que se crea por medio de la carta de derechos, se le da a los fiscales una laxitud de seis meses para tener a una persona en prisión preventiva, es decir, antes de formular la acusación.
>
> Diario de Sesiones, op cit., págs. 1593-1594. (Énfasis suplido.)

El delegado, señor Alvarado, le aclaró al delegado, señor Gelpí, que el término de seis meses no era para formular la acusación sino para celebrar el juicio:

> Al redactarse esta medida se tuvo en cuenta -como la está teniendo el compañero Gelpí- la legislación vigente. **La legislación vigente concede al fiscal 60 días para radicar la acusación. Y entonces dispone que el juicio debe celebrarse dentro de 120 días después de radicada la acusación.** Y en total establece un término de 180 días desde el (sic) que el acusado es detenido para responder, hasta que se somete a juicio, 180 días, que son los seis meses que hemos venido consignando.

> Diario de Sesiones, op cit., págs. 1594-
> 1595. (Énfasis suplido.)

Luego, el señor Benítez afirmó categóricamente que el término de seis meses comienza desde que el acusado fue enviado a prisión porque no prestó fianza:

> Precisamente quedó aclarado, señor Soto, al indicarse esta cláusula, "antes del juicio", que se establecía a los fines de dejar explícito el hecho de que la protección que aquí se quería establecer era la protección para la persona que aún no había sido juzgada y que sin haber sido juzgada en la actualidad a veces ocurría que estaba por más de seis meses en la cárcel, **porque no había podido prestar fianza** o porque no se le había celebrado juicio...
>
> Diario de Sesiones, op cit., pág. 1597. (Énfasis suplido.)

Estas expresiones reflejan dos premisas que son concluyentes para resolver nuestra controversia. Primero, que el término de seis meses es aquél que el Ministerio Público tiene para comenzar el juicio. Ese proceso comienza con la determinación de causa probable para el arresto. Segundo, la protección se crea para amparar al imputado que "no [pueda] prestar fianza" y que desde entonces, es detenido preventivamente para efectos de la protección constitucional. Id., pág. 1597.

Por lo tanto, resolvemos que el término constitucional de detención preventiva de seis meses comienza a contar desde que el imputado es detenido preventivamente por no poder prestar la fianza requerida o por su revocación, cuestión que ocurre tras la intervención del juez imponiendo la fianza o revocándola.

Como expresamos antes, la Constitución de Puerto Rico en su Art. II, Sec. 11, establece que "[t]odo acusado tendrá derecho a quedar en libertad bajo fianza antes de mediar fallo condenatorio. La detención preventiva antes del juicio no excederá de seis meses". El derecho contra detenciones preventivas por más de seis meses está directamente atado al derecho a fianza y ambos se complementan. Si el imputado no puede prestar la fianza impuesta, queda protegido por la disposición de detención preventiva. Por consiguiente, la detención provocada por la ausencia de fianza, o por su revocación, es la que activa el término aludido.

No tendría sentido decir que el imputado está detenido preventivamente bajo el Art. II, Sec. 11 de la Constitución antes de que se fije fianza. La detención preventiva a la que se refiere esa disposición de la Constitución se da cuando el imputado de delito no presta fianza. Es imposible concluir que el imputado no prestó fianza si ésta no se ha fijado todavía. Por definición, y en estricta lógica, no es hasta que se fija la fianza y se encarcela al imputado por no prestarla, que podemos hablar propiamente de la detención preventiva a la que se refiere el Art. II, Sec. 11 de la Constitución. La detención del imputado antes de ese evento procesal no está cubierta por el término de seis meses del Art. II, Sec. 11, sino por la garantía constitucional a un debido procedimiento de ley. Const. P.R., Art. II, Sec. 7.

Recordemos que el individuo que es arrestado, con o sin orden, cuenta con una protección para evitar dilaciones innecesarias antes de esa vista ante un magistrado. Regla 22(a) de Procedimiento Criminal, supra. Véase además, Chiesa Aponte, op cit., Vol. III, Sec. 21.5, págs. 36-38. En el caso de que no haya orden, la vista de causa probable para arrestar convalida el arresto. Pueblo v. Aponte, 167 D.P.R. 578 (2006). Cuando el arresto se produce con orden, el propósito de la vista es informar al arrestado de los cargos en su contra y de sus derechos. Id. Esta prohibición de demora excesiva para llevar a una persona arrestada ante un magistrado es requerida por el debido proceso de ley. Id.; O.E. Resumil de Sanfilippo, Práctica Jurídica de Puerto Rico: Derecho Procesal Penal, Orford, N.H., Equity Publishing Company, 1990, Sec. 7.23, pág. 199.

Por eso, existe una protección independiente y separada al término de detención preventiva de seis meses para asegurar los derechos del imputado antes de ser llevado ante un magistrado. Véanse, Pueblo v. Aponte, supra; County of Riverside v. McLaughlin, 500 U.S. 44 (1991). Sin embargo, esta protección contra dilaciones irrazonables no puede confundirse con la protección constitucional contra la detención preventiva de seis meses de la Constitución de Puerto Rico. La protección constitucional contra la detención preventiva de más de seis meses es una "protección específica adicional" que es

"independiente de las garantías de juicio rápido" para "el acusado que se halla encarcelado en espera de la celebración del juicio". Chiesa Aponte, op cit., Vol. II, Sec. 12.1, pág. 118.

El arresto es la acción física de poner al arrestado bajo custodia mediante la restricción efectiva de su libertad y existe una detención "post arresto" que cubre un "breve período mientras se llevan a cabo los procedimientos administrativos ordinarios incidentales al arresto". Resumil de Sanfilippo, op cit., Sec. 7.23, pág. 197.

En cambio, la protección contra detenciones preventivas de más de seis meses comienza con la privación de libertad que ocurre cuando el imputado no puede prestar la fianza requerida o por su revocación. Antes de eso, el imputado cuenta con la protección contra dilaciones innecesarias que impone la garantía al debido proceso de ley. Esa protección es separada e independiente del término de seis meses de detención preventiva, aunque ambas persiguen garantizar el procesamiento judicial de un ciudadano de manera tal que el juicio sea rápido y justo.

### III

En el caso que nos ocupa, el imputado fue arrestado el 25 de agosto de 2009 y no fue hasta el 27 de agosto, dos días después, que se determinó causa probable para su arresto y fue encarcelado tras no poder prestar la fianza impuesta. El juicio contra el señor Ponce Ayala comenzó el

23 de febrero de 2010, fecha en que se juramentó al primer testigo. Debido a esto, debemos concluir que no se violó la disposición de detención preventiva. El juicio comenzó dentro de los 180 días (seis meses) que dispone nuestra Constitución para proteger al imputado que no puede prestar fianza y es detenido preventivamente en espera de juicio. Es desde el 27 de agosto de 2009 que el término aludido comenzó a contar, pues desde esa fecha fue que el imputado quedó detenido en virtud de la imposición de fianza.

La detención previa a la determinación de causa probable para arresto del señor Ponce Ayala no debe contarse como parte del término de detención preventiva de seis meses. Esa detención previa está sujeta a la garantía constitucional a un debido proceso de ley y no al límite para la detención preventiva dispuesta en el Art. II, Sec. 10 de la Constitución. Esta última disposición protege a un imputado que ha sido detenido preventivamente por no haber podido prestar fianza o porque le fue revocada.

Ante esto, es forzoso concluir que la detención no excedió el término establecido por el Art. II, Sec. 10 de la Constitución de Puerto Rico. Por lo tanto, no procede el auto de *hábeas corpus* ya que la detención del señor Ponce Ayala no fue ilegal. Art. II, Sec. 13 de la Constitución de Puerto Rico; Art. 469 del Código de Enjuiciamiento Criminal, 34 L.P.R.A. sec. 1741.

IV

Por los fundamentos antes expuestos, se revoca la sentencia recurrida, emitida por el Tribunal de Apelaciones, Región Judicial de Bayamón. Se revoca la expedición del auto de *hábeas corpus* presentado por el Sr. Héctor Rafael Ponce Ayala. En su lugar, se ordena la detención inmediata del recurrido Ponce Ayala. Se devuelve el caso al Tribunal de Primera Instancia, Sala de Bayamón, para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Se dictará Sentencia de conformidad.


Rafael L. Martínez Torres
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Héctor Rafael Ponce Ayala

Ex Parte                          CC-2010-302

SENTENCIA

En San Juan, Puerto Rico, a 18 de mayo de 2010.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se revoca la sentencia recurrida emitida por el Tribunal de Apelaciones, Región Judicial de Bayamón. Se revoca la expedición del auto de *hábeas corpus* presentado por el Sr. Héctor Rafael Ponce Ayala. En su lugar, se ordena la detención inmediata del recurrido Ponce Ayala. Se devuelve el caso al Tribunal de Primera Instancia, Sala de Bayamón, para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Publíquese y notifíquese de inmediato.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton concurre con el resultado y, en vista de que se acortaron los términos para certificar la decisión emitida por el Tribunal al amparo de la Regla 5(b) del Reglamento del Tribunal, 4 L.P.R.A. XXI-A, se reserva el derecho a expresarse mediante una opinión escrita según lo dispuesto en dicha regla. La Jueza Asociada señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez disienten con opinión escrita.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Héctor Rafael Ponce Ayala

Ex Parte

*Certiorari*

CC-2010-302


Opinión Disidente emitida por la Jueza Asociada señora Fiol Matta a la cual se une la Juez Asociada señora Rodríguez Rodríguez


En San Juan, Puerto Rico, a 18 de mayo de 2010.

> *[E]ntre los derechos y libertades fundamentales del ser humano el que, de siempre, más ha sufrido los embates de la actividad represiva cuando no francamente autoritaria de los órganos del Estado, es el de la libertad personal, cuya privación constituye una de las más graves irrupciones en la esfera de los derechos humanos del individuo, ya que la misma va seguida, casi irremisiblemente, de la privación o limitación de muchos otros derechos.[1]*

Disiento enérgicamente de la Opinión del Tribunal porque entiendo que el término de detención preventiva antes del juicio, establecido en la Sección 11 del Artículo II de la Constitución de

---

[1] J. Rodríguez y Rodríguez, La detención preventiva y los derechos humanos en derecho comparado, México, Universidad Nacional Autónoma de México, 1981, pág. 5.

Puerto Rico, comienza a transcurrir desde el arresto o aprehensión del individuo y no desde que el imputado permanece detenido por no prestar fianza.[2]

La decisión de contar el término constitucional limitativo de la detención preventiva a partir de la fijación de la fianza es contraria al propósito de la Carta de Derechos de nuestra Constitución, que es proteger a los ciudadanos frente al Estado. Por eso, en el ejercicio de su función adjudicadora y como último intérprete de nuestra Ley Suprema, este Tribunal tiene la obligación de sustentar sobre bases sólidas aquellas decisiones que limiten los derechos constitucionales de las personas. Al intentar fundamentar su determinación en algunas porciones de los Diarios de la Convención Constituyente, sin considerar otras, y en jurisprudencia de este Tribunal que no lleva a la conclusión postulada, la opinión mayoritaria no cumple con esta obligación. Veamos por qué los fundamentos de la mayoría son insuficientes para coartar el derecho constitucional que hoy nos ocupa que, a fin de cuenta, "engendra, por motivos superiores de política pública, una garantía inmediata de libertad".[3]

---

[2] Este precepto específicamente dispone que "[l]a detención preventiva antes del juicio no excederá de seis meses". Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo I, ed. 2008, pág. 344.

[3] Sánchez v. González, 78 D.P.R. 849 (1955) (Opinión concurrente del Juez Negrón Fernández).

La opinión del Tribunal utiliza ciertas citas de los debates en la Convención Constituyente, para apuntalar su interpretación de la cláusula constitucional sobre detención preventiva. Los primeros tres párrafos sobre los debates que transcribe la mayoría se refieren a la discusión de una propuesta que hizo el Sr. José Rosario Gelpí para acortar el término de detención preventiva de seis a dos meses.[4] En el último de dichos párrafos la opinión hace énfasis en la frase "porque no había podido prestar fianza", pero no analiza la continuación de ese texto que también cita: "o porque no se le había celebrado juicio".[5] Es perfectamente lógico que en los debates de los constituyentes se hiciera referencia a la fianza al discutirse la cláusula sobre detención preventiva. Después de todo, en la medida en que no se preste fianza se extenderá la detención que comienza con el arresto del imputado, es decir, si el imputado no ejerce su derecho constitucional a prestar fianza, no comenzará su detención sino que **continuará** detenido. Así, ambas medidas están dirigidas a asegurar la comparecencia del acusado al juicio y, más importante aun, a permitirle el ejercicio de su libertad, limitando la facultad del Estado para coartar esa libertad en espera del juicio.

---

[4] Véase la página 9 de la Opinión Mayoritaria; 3 Diario de Sesiones de la Convención Constituyente de Puerto Rico 1596 (1952).

[5] Véase la página 10 de la Opinión Mayoritaria.

Llama la atención que la opinión mayoritaria no hace referencia al único párrafo del Informe final de la Comisión de Carta de Derechos de la Convención Constituyente que se refiere a la detención preventiva. En éste se precisa la naturaleza y el propósito del derecho a no permanecer detenido preventivamente por un término mayor a seis meses. Concretamente, el Informe explica que el propósito de la disposición es, simple y llanamente "impedir que se pueda **encarcelar** a una persona por más de seis meses sin celebrarle juicio".[6]

Las discusiones entre los miembros de la Convención Constituyente revelan que, distinto a la mayoría de este Tribunal, éstos no distinguían entre la detención antes de fijarse la fianza y la continuación de la detención si ésta no se prestaba. Lo vemos en la explicación del constituyente Sr. Héctor González Blanes, dirigida al delegado Gelpí en cuanto al término de seis meses propuesto: "Lo que se quiere evitar con esta disposición es que un individuo esté preventivamente detenido por tiempo

---

[6] 4 Diario de Sesiones de la Convención Constituyente de Puerto Rico 2571 (1951). Es menester señalar que la disposición constitucional que limita la detención preventiva en espera de juicio a seis meses no tenía precedente en la Ley Orgánica, en la Constitución de Estados Unidos ni en los anteproyectos de las delegaciones, sino que fue recomendada por primera vez por la Comisión de la Carta de Derechos. J. Trías Monge, Historia Constitucional de Puerto Rico, San Juan, Editorial de la Universidad de Puerto Rico, 1982, Vol. III, pág. 196. Por ello, no podemos recurrir a dichas fuentes para indagar en sus características.

ilimitado… [Por el contrario,] **el acusado tiene derecho a que se le celebre juicio no más tarde de 6 meses cuando está preso**.[7] Esta condición de "estar preso" no sucede al no prestarse la fianza sino que está presente desde que la persona arrestada está bajo la custodia y control efectivo del Estado. Después de todo, "encarcelar", según los diccionarios de la lengua española quiere decir "meter a alguien en la cárcel" y la "cárcel" es un "local destinado a la reclusión de presos".[8] Ciertamente, no existe una diferencia entre estar encerrado entre tres paredes y unos barrotes en un cuartel de la policía o estar bajo esas mismas circunstancias en una institución penitenciaria. En ninguna de estas dos situaciones el imputado tiene libertad para salir del encierro a la libre comunidad. Los constituyentes tenían muy claro que "estar preso" previo al juicio y estar detenido en espera de juicio es lo mismo, pues el efecto real es que la libertad de la persona está restringida hasta que se le procese o salga bajo fianza.

La opinión mayoritaria deduce, de las expresiones de los delegados Gelpí, Alvarado y González Blanes, dos "premisas", una impertinente y otra errónea, que considera

---

[7] 3 Diario de Sesiones de la Convención Constituyente de Puerto Rico 1596 (1952).

[8] Véase: http://www.rae.es (última visita 13 de mayo de 2010).

"esenciales" y "concluyentes" en apoyo de su interpretación.[9]

Primeramente, el que el proceso para enjuiciar comience con la determinación de causa probable para el arresto, según expone la opinión, no es pertinente a la controversia que nos plantea este caso, que es determinar cuándo comienza el período de detención preventiva. Según surge de los debates, el término de seis meses adaptado en la Constitución para celebrar el juicio es el resultado de la suma del periodo de 60 días para presentar una acusación, que disponía el artículo 448 del Código de Enjuiciamiento Criminal de 1902, y del término de 120 días para someter al imputado a juicio, a contar desde la presentación de la acusación, también regulada por dicho Código.[10] De hecho, este mismo precepto de Juicio Rápido disponía que el **término para acusar comenzaba a contarse desde la detención del sospechoso.**[11] Además, históricamente se ha interpretado que la detención del sospechoso, para propósitos de esta disposición, ocurre desde que éste está

---

[9] Véase la página 10 de la Opinión Mayoritaria.

[10] 3 Diario de Sesiones de la Convención Constituyente de Puerto Rico 1594-1595 (1952).

[11] Artículo 448 del Código de Enjuiciamiento Criminal de 1902, Estatutos Revisados y Códigos de Puerto Rico, San Juan, Boletín Mercantil, 1902, pág. 788-789. La definición del vocablo *detención,* según el Diccionario de la Real Academia Española, es "privación provisional de libertad, ordenada por una autoridad competente". Véase: http://www.rae.es (última visita 12 de mayo de 2010).

sujeto al proceso, es decir, desde que es detenido físicamente o desde que un magistrado determina que debe responder ante la ley por la comisión de un delito.[12]   Es cierto que la figura jurídica de juicio rápido es distinta a la detención preventiva, sin embargo ambas tienen un propósito similar y **los constituyentes utilizaron la regulación vigente de la primera para calcular el período de la segunda.**[13]

En cuanto al propósito de la limitación constitucional de la detención preventiva, no es cierto que de los Diarios de la Convención Constituyente se desprenda que ese propósito sea el de "amparar al imputado que no pueda prestar fianza", según expone la opinión mayoritaria.[14]   El propósito de la cláusula sobre detención preventiva es, por un lado, asegurar la presencia del acusado en el juicio y, por el otro, no castigarlo anticipadamente por un delito

---

[12] Véase: Martínez Avilés v. Tribunal Superior, 81 D.P.R. 945 (1960); Pueblo v. Tribunal Superior, 81 D.P.R, 455 (1959).

[13] A estos efectos, véase las expresiones del delegado Reyes Delgado:

> Y a eso es a lo que vamos nosotros encaminando este precepto: que se usen los seis meses de que la legislación local ha tenido a bien proveer al ministerio público para que se haga efectiva la maquinaria del pueblo en la administración de la justicia penal. 3 Diario de Sesiones de la Convención Constituyente de Puerto Rico 1595 (1952).

[14] Véase la página 10 de la Opinión Mayoritaria.

que no ha sido probado. El objetivo del mecanismo constitucional de fianza es similar.

En segundo lugar, los casos que cita la Opinión mayoritaria en apoyo a su determinación resuelven controversias distintas a la de este caso.[15] En <u>Sánchez v. González</u> se resolvió que un acusado no renuncia a su derecho a salir en libertad una vez transcurrido el periodo de seis meses sin haberse celebrado el juicio, aunque haya presentado una solicitud de posposición de juicio.[16] Más recientemente, en <u>Pueblo v. Paonesa Arroyo</u> aclaramos que para evitar la excarcelación del acusado al amparo de la cláusula de detención preventiva es suficiente que el juicio comience antes de que se cumplan los seis meses de detención preventiva.[17] En este caso, también acogimos la norma vigente sobre la cláusula de doble exposición y determinamos que a los efectos de la cláusula de detención preventiva el juicio debe entenderse comenzado con la

---

[15] Incluso, en esas decisiones hicimos expresiones que pudieran interpretarse a los efectos de que el término de detención preventiva comienza a transcurrir desde el arresto del acusado. Por ejemplo, en <u>Pueblo v. Paonesa</u>, 2008 T.S.P.R. 34, tras reconocer que el derecho a juicio rápido y la cláusula sobre detención preventiva no protegen el mismo bien, indicamos que ambas disposiciones tienen el propósito común de agilizar los procedimientos. En ese contexto afirmamos que "la cláusula de detención preventiva evita que **la encarcelación** del acusado antes del comienzo del juicio exceda de seis meses, en cierto modo obligando al Estado a enjuiciar al acusado lo más pronto posible". *Íd.*

[16] <u>Sánchez v. González</u>, 78 D.P.R. 849 (1955).

[17] <u>Pueblo v. Paonesa Arroyo</u>, supra.

juramentación preliminar del jurado bajo la Regla 119 de Procedimiento Criminal o, si el juicio es por tribunal de derecho, cuando el primer testigo preste juramento.[18] Por último, en Pueblo v. Pagán Medina resolvimos que cuando se ordena la reclusión para tratamiento de un imputado o acusado de delito no procesable bajo la Regla 240 de Procedimiento Criminal no se contará, como parte del término de detención preventiva, el tiempo entre la determinación judicial de incapacidad y el alta de la institución hospitalaria.[19]

Por último, la opinión mayoritaria alude al derecho del acusado a ser llevado ante un magistrado luego del arresto, sin dilaciones innecesarias, aparentemente para demostrar que no es necesario interpretar estrictamente el límite constitucional de detención preventiva.[20] Por el contrario, la lesión a un derecho tan fundamental como el de la libertad no puede subsanarse, porque otras garantías constitucionales, como el derecho a ser llevado sin dilación ante un magistrado luego del arresto, también lo

---

[18] Véase: Pueblo v. Paonesa Arroyo, supra; D. Nevares-Muñiz, Sumario de Derecho Procesal Penal Puertorriqueño, 8va ed., San Juan, Instituto para el desarrollo del derecho, 2007, pág. 138.

[19] Pueblo v. Pagán Medina, 2010 T.S.P.R. 16, dictada en reconsideración. En Pueblo v. Pagán Medina, 2009 T.S.P.R. 31, habíamos resuelto que sólo se podía excluir del computo del término máximo de detención preventiva el periodo durante el cual el detenido estuvo en una institución adecuada para su tratamiento.

[20] Véase la página 12 de la Opinión Mayoritaria.

protejan.   Más  bien,  el  cuidado  con  que  la  Constitución  y

las  Reglas  de  Procedimiento  Criminal  regulan  el  periodo

anterior  a  la  celebración  del  juicio  es  un  claro  indicio  de

la  intención  de  brindar  al  imputado,  particularmente  al

imputado  detenido,  las  mayores  garantías  posibles.[21]

Los  derechos  del  acusado  recogidos  en  la  sección  11  de

la  Carta  de  Derechos  de  nuestra  Constitución,  entre  los

cuales  está  el  derecho  a  juicio  rápido,  a  quedar  en

libertad  bajo  fianza  antes  de  mediar  un  fallo  condenatorio

y  a  que  la  detención  preventiva  antes  del  juicio  no  exceda

de  seis  meses,  están  entrelazados  y  su  razón  de  ser  es  el

principio  constitucional  de  la  presunción  de  inocencia.[22]

Recientemente  reafirmamos  ese  principio  y  reconocimos  que:

"Ello  es  así  toda  vez  que  sería  un  contrasentido  mantener

encarcelada  a  una  persona  que  se  considera  inocente,  cuya

culpabilidad  corresponde  al  Ministerio  Público  probar,  y

que  eventualmente  puede  ser  exonerada".[23]

---

[21]  A   modo   de   ejemplo,   encontramos   la   protección
constitucional  de  juicio  rápido,  que  está  regulada  por  la
Regla  64(n)  de  Procedimiento  Criminal  que,  a  su  vez,
dispone  de  unos  términos  específicos.  Véase  la  Regla  64(n)
de  Procedimiento  Criminal  de  Puerto  Rico,  34  L.P.R.A.  Ap.
II,  R.  64(n).

[22]  Pueblo  v.  Pagán  Medina,  2009  T.S.P.R.  31;  Pueblo  v.  Colón
Rodríguez,  161  D.P.R.  254,  259  (2004).

[23]  Pueblo  v.  Colón  Rodríguez,  supra;  Pueblo  v.  Martínez
Hernández,  158  D.P.R.  388,  394  (2003).

Ahora  bien,  al  escoger  el  término  de  seis  meses  como
límite  a  la  detención  preventiva  nuestra  Constitución
equilibra  cuidadosamente  y  con  gran  sensatez,  la  presunción
de  inocencia  con  la  preservación  de  la  efectividad  del
(continúa...)

La detención preventiva ha sido entendida en las legislaciones vigentes como sigue:

> [E]s una medida que implica el encarcelamiento de una persona en tanto se decide sobre el mérito de la acción emprendida en su contra; por regla general, salvo la excepción unánime tratándose de casos de flagrante delito y en algunos países tratándose también de casos de urgencia, su imposición está condicionada a la existencia de una orden o mandato judicial…[24]

En particular, la cláusula de detención preventiva de nuestra Constitución pretende "evitar que a una persona a quien ampara una presunción de inocencia sea restringida por el Estado en el ejercicio de su poder de custodia con el único propósito de hacerle comparecer a juicio".[25] Se trata, como toda nuestra Carta de Derechos, de una salvaguarda para el ciudadano, frente al poder del Estado, para protegerle contra posibles excesos de autoridad.[26] De esa forma, la disposición sobre detención preventiva evita que la restricción de la libertad, "se convierta en un castigo anticipado por un delito no juzgado".[27] En fin, como expresó el Juez Negrón Fernández en _Sánchez v._

---

proceso penal y la necesidad de impedir que el delincuente se fugue, continúe con la actividad delictiva o falsee las pruebas.

[24] J. Rodríguez y Rodríguez, op. cit., pág. 14.

[25] O.E. Resumil, Derecho Procesal Penal, New Hampshire, Ed. Butterworth, 1993, T. 2, sec. 25.4(a), pág. 248, citando a Sánchez v González, _supra._

[26] Pueblo v. Pagán Medina, 2010 T.S.P.R. 16.

[27] _Íd_; O.E. Resumil, op. cit.

<u>González</u>, los miembros de la Convención Constituyente entendieron

> preferible rendir la custodia de un acusado después de ese período, antes de hacer vulnerable la integridad de su derecho a la presunción de inocencia– que también consagraba en la propia Constitución– si dejaba ilimitado el ejercicio de ese poder de custodia por la mera utilidad de que el Estado le tuviera disponible para llevarle al tribunal.[28]

En vista de lo discutido, es mi criterio que el término de detención preventiva comienza a transcurrir desde el arresto del individuo y no desde que permanece detenido por no prestar fianza. Al hacerlo depender del ejercicio del derecho, igualmente constitucional, a prestar fianza, la mayoría lacera esta protección constitucional y le resta valor a la presunción de inocencia, piedra angular de nuestro sistema. En vista de ello, no tengo otra opción que disentir.

Liana Fiol Matta<br>
Jueza Asociada

---

[28] <u>Sánchez v. González</u>, supra, pág. 857.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte
Héctor Rafael Ponce Ayala

                          CC-2010-302

Opinión disidente emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 18 de mayo de 2010

La interpretación que una mayoría de este Tribunal anuncia de la Constitución del Estado Libre Asociado de Puerto Rico, restringe los derechos de los ciudadanos al trastocar una de las garantías de su Carta de Derechos. En esta ocasión se reduce el alcance del Art. II, sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico y los límites al término de detención preventiva allí dispuesto.

El derecho a la libertad individual ha sufrido, de siempre, los mayores embates de las actuaciones

represivas de los órganos del Estado. Consustancial a la privación de la libertad personal, está la privación del ejercicio pleno de innumerables derechos. Las protecciones jurídicas que amparan a toda persona sometida a detención por autoridades del Estado se encuentran íntimamente vinculadas a la protección misma de los derechos humanos y fundamentales del individuo. Cualquier limitación impuesta sobre tales protecciones a la libertad individual merece pues un examen riguroso, máxime cuando se trata de una garantía de jerarquía constitucional.

La prisión preventiva priva de la libertad a una persona que según el derecho se presume inocente. Eso lo comprendieron a cabalidad quienes imaginaron e hicieron realidad nuestra Carta de Derechos, incorporando como una protección para los ciudadanos un límite al término durante el cual el Estado puede privar preventivamente a un individuo de su libertad.

Hoy, lamentablemente, una mayoría del Tribunal fuerza una interpretación restrictiva, pero más grave aún contraria a derecho, del término dispuesto en la Constitución, cuyo efecto real es, a fin de cuentas, una sociedad menos libre.

Los derechos son conquistas de libertad. No puedo avalar con mi voto su asedio, disiento.


                        Anabelle Rodríguez Rodríguez
                              Juez Asociada