EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Arnaldo Ortiz García<br><br>Demandante<br><br>v.<br><br>Alcaide Institución Penal de Bayamón<br><br>Demandado | *Habeas Corpus*<br><br>2020 TSPR 16<br><br>203 DPR ____ |

Número del Caso:  HC-2020-001


Fecha: 20 de febrero de 2020


Abogada de la parte Peticionaria:

    Lcda. Magdalis Rodríguez Rivera


Oficina del Procurador General:

    Lcdo. Isaías Sánchez Baez
    Procurador General

    Lcda. Liza M. Delgado González
    Procuradora General Auxiliar


Materia:  Resolución del Tribunal con Voto particular de conformidad y Votos particulares disidentes.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Arnaldo Ortiz García

    Demandante

       v.                   HC-2020-01      *Habeas Corpus*

Alcaide Institución Penal de Bayamón

    Demandado

RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de febrero de 2020.

Examinada la *Petición* de *habeas corpus* que presentó el señor Arnaldo Ortiz García el 13 de febrero de 2020, se provee no ha lugar.

Notifíquese inmediatamente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García emitió un Voto particular de conformidad al cual se unió la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón. El Juez Asociado señor Martínez Torres está conforme y hace constar la expresión siguiente, a la cual se unió el Juez Asociado señor Kolthoff Caraballo:

> En Pueblo v. Pagán Medina, 178 DPR 228 (2010), resolvimos "que corresponde excluir del término de detención preventiva aquel tiempo en que resulta imposible para el Ministerio Público procesar a un imputado de delito". Pueblo v. Aponte Ruperto, 199 DPR 538, 582-583 (2018), Opinión disidente de la Juez Asociada señora Rodríguez Rodríguez, a la cual se unieron los Jueces Asociados señores Martínez Torres, Kolthoff

Caraballo y Feliberti Cintrón. Aplicada esa norma a este caso, hay que excluir del término de detención preventiva el tiempo que el peticionario Ortiz García estuvo recluido en la cárcel en North Carolina, pues durante ese período no estaba sujeto a la jurisdicción de Puerto Rico y, por lo tanto, no podía enjuiciársele aquí. Excluido ese plazo, el peticionario Ortiz García no estuvo detenido en espera de juicio por más de los seis meses que establece el Art. II, Sec. 11 de la Constitución de Puerto Rico, 1 LPRA. En otras palabras, del 25 de julio al 15 de agosto de 2019, el peticionario Ortiz García no estaba detenido en esta jurisdicción en espera de juicio; lo estaba en otra jurisdicción para ser extraditado a Puerto Rico.

La Jueza Presidenta Oronoz Rodríguez emitió un Voto particular disidente al cual se unió el Juez Asociado señor Estrella Martínez. El Juez Asociado señor Colón Pérez emitió un Voto particular disidente. El Juez Asociado señor Estrella Martínez disiente y emite la expresión siguiente:

La cláusula de detención preventiva es una protección para hacer realidad garantías tan importantes en una democracia como lo son la libertad y la presunción de inocencia. Hoy, una Mayoría de este Tribunal no ve conexión entre esas protecciones y denegar el reclamo del peticionario. La conexión es sencilla: prisión es prisión. No podemos crear una ficción para negar la realidad de que esta persona ha sufrido la cárcel por más de 180 días y nuestro ordenamiento constitucional provee el remedio solicitado. En lugar de concederlo, este Tribunal procede a legislar judicialmente un término de prescripción para aniquilar la presunción de inocencia y debilitar una cláusula constitucional. Ante ese cuadro, por cobijarle garantías individuales expresamente conferidas por la Constitución de Puerto Rico, disiento por lo que proveería con lugar el remedio solicitado por el peticionario. Véanse, Opinión de conformidad emitida por el Juez Asociado Señor Estrella Martínez en *Pueblo v. Aponte Ruperto*, 199 DPR 538, 555 (2018); Voto particular disidente del Juez Asociado señor Estrella Martínez en *Villar Manzueta v. Adm. Corrección*, 198 DPR 838, 839 (2017); Voto particular disidente del Juez Asociado señor Estrella Martínez en *Pueblo v. Crespo Cumba*, 193 DPR 900, 900 (2015)."

La Juez Asociada señora Rodríguez Rodríguez no intervino.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Arnaldo Ortiz García | | |
|---|---|---|
| Demandante | | |
| v. | HC-2020-001 | |
| Alcaide Institución Penal de Bayamón | | |
| Demandado | | |

**Voto Particular de Conformidad emitido por el Juez Asociado señor RIVERA GARCÍA al cual se unió la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón.**

En San Juan, Puerto Rico, a 20 de febrero de 2020.

Existen múltiples fundamentos que me llevan a votar conforme con la decisión de proveer **No Ha Lugar** a la *Petición* de hábeas corpus que presentó la Lcda. Magdalys Rodríguez Rivera en representación del Sr. Arnaldo Ortiz García. Las razones que saltan a la vista en la solicitud que presentó la licenciada Rodríguez Rivera son las que hacen meritorio emitir este Voto Particular de Conformidad.

Para disipar cualquier planteamiento infundado de los compañeros disidentes, considero necesario esbozar un resumen breve del tracto procesal del caso.

I

Por hechos presuntamente ocurridos el 5 de mayo de 2014 se presentó una denuncia, en ausencia, contra el señor Ortiz García mediante la cual se le imputó cometer el delito de asesinato en primer grado, tipificado en el Art. 93 del Código Penal de Puerto Rico. La determinación de causa

probable para arresto se emitió el 18 de junio de 2016 y se fijó una fianza de $2,000,000. Dado a que el señor Ortiz García se encontraba fuera de nuestra jurisdicción, fue arrestado en el estado de Carolina del Norte el 25 de julio de 2019 y extraditado posteriormente a Puerto Rico. A esos efectos, el **15 de agosto de 2019** fue que se ingresó, como sumariado, al señor Ortiz García a una institución penitenciaria en Puerto Rico.

Luego de la vista preliminar correspondiente en donde se encontró causa probable para juicio por el delito de asesinato en primer grado, el 11 de octubre de 2019 se presentó la acusación. La lectura del pliego acusatorio se llevó a cabo el 22 de octubre de 2019. El **23 de enero de 2020,** día en que comenzó el juicio con la juramentación preliminar del Jurado, el señor Ortiz García solicitó su excarcelación. Allí, adujo que, desde su arresto en el estado de Carolina del Norte, habían transcurrido más de seis meses.

El 24 de enero de 2020 el Tribunal de Primera Instancia declaró No Ha Lugar la solicitud del señor Ortiz García. Concluyó que solo habían transcurrido **162 días** desde su ingreso a una institución penal en Puerto Rico. En específico, el foro primario expresó lo siguiente:

> El Tribunal hace constar que se le ha entregado una Certificación expedida por la Administración de Corrección y Rehabilitación, donde surge que el acusado ingresó en una Institución Penal del Estado Libre Asociado el 15 de agosto de 2019. Si bien es cierto que antes de esa fecha el acusado estuvo detenido en Carolina del Norte en virtud de la orden [de] arresto que se gestionó allá para el proceso de extradición,

no es menos cierto que durante ese periodo de tiempo el acusado no estaba sujeto a responder y no había forma de celebrar el juicio, ya que el tribunal no había adquirido jurisdicción y no estaba bajo la custodia del Estado Libre Asociado. El tribunal adquiere jurisdicción cuando celebra la Regla 22 el 15 de agosto de 2019, fecha en que es ingresado en la Institución Penal del País. Se entiende que el término que estuvo detenido en los Estados Unidos no se utiliza para computar el periodo de seis meses dispuesto en la Constitución, por lo que al llevar solo 162 días ingresado el acusado en una Institución Penal, se declara No Ha Lugar la petición de H[á]beas Corpus.

No fue hasta el pasado **13 de febrero de 2020** que el señor Ortiz García presentó ante este Tribunal una *Petición* de hábeas corpus. Adujo que llevaba 182 días en detención preventiva. Cabe mencionar que la solicitud del señor Ortiz García ni siquiera comentó que el juicio había comenzado el 23 de enero de 2020. Por el contrario, del *Juramento* surge que la abogada declaró expresamente ante este Tribunal lo siguiente: "Hoy 13 de febrero de 2020, el Peticionario cumple 182 días detenido en Puerto Rico **sin que su juicio haya comenzado**". (Énfasis suplido).[1]

Como consecuencia, **ante lo juramentado por la abogada ante este Tribunal,** no tardamos en ordenarle a la Oficina del Procurador General a que se expresara sobre la solicitud que teníamos ante nuestra consideración. Esto, dado a que los planteamientos incluían la afirmación de que el juicio no había comenzado. Así pues, tuvo que comparecer el

---

[1] Debe ser motivo de preocupación para esta Curia que la abogada del señor Ortiz García haya presentado, bajo juramento, un hecho que a todas luces se aparta de la realidad y que tiene como consecuencia inducir a error al Tribunal.

Procurador General a informarnos de lo ocurrido en el foro primario.

De la *Oposición a Habeas Corpus* que presentó la Oficina del Procurador General surge que la desinsaculación del Jurado comenzó el 23 de enero y continuó al día siguiente donde "se presentaron testigos al [J]urado, así como al juez, la abogada de defensa y el fiscal". Además, nos indicó que la propia abogada que juramentó la petición ante este Tribunal "realizó preguntas como parte del proceso de desinsaculación y comenzó el turno de preguntas del Ministerio Público".

Posteriormente, compareció el señor Ortiz García mediante una *Réplica a la Oposición del Procurador General.* Gran parte de sus planteamientos resultaron ajenos a la solicitud de hábeas corpus, pues giraban sobre asuntos relacionados al descubrimiento de prueba en el caso. En cuanto a la detención preventiva, se limitó a reiterar que llevaba arrestado un periodo mayor al que permite la Constitución de Puerto Rico.

Como indiqué, son varios los fundamentos que me llevan a votar conforme con el dictamen del Tribunal de denegar la *Petición* de hábeas corpus ante nuestra consideración.

**II**

El Art. II, Sec. 11 de la Constitución de Puerto Rico establece el derecho de toda persona imputada de delito de no estar en detención preventiva por un término que exceda

de seis meses antes de que dé comienzo el juicio. Particularmente, esta disposición de nuestra Constitución instituye que "[l]a detención preventiva antes del juicio no excederá de seis meses".[2] En ese sentido, se consideró "razonable el término de 6 meses para que el Estado sometiera a juicio a aquellos acusados que, por no haber podido prestar fianza para su libertad provisional, permanecieran detenidos preventivamente en espera de la celebración del juicio".[3]

Esta disposición de nuestra Carta Magna no existe ni tiene equivalente en la Constitución de Estados Unidos.[4] Sin embargo, hace poco más de una década, en *Pueblo v. Paonesa Arroyo,* 173 DPR 203 (2008), reconocimos que, para efectos de la Cláusula de Prisión Preventiva, **el juicio comienza con el juramento preliminar al Jurado.** Esbozamos que el límite temporal de la Constitución de Puerto Rico "está vinculad[o], indudablemente, a la primacía del derecho a la libertad y a la presunción de inocencia".[5] Así, la Cláusula de Detención Preventiva exige que el Ministerio Público enjuicie al acusado lo más pronto posible, estableciendo el derecho de la persona imputada de solicitar su excarcelación una vez se cumplan los seis meses —180 días— desde que fue arrestado

---

[2] Art. II, Sec. 11, Const. PR, LPRA, Tomo 1, ed. 2016, pág. 354.

[3] *Sánchez Álvarez v. Alcaide de Cárcel,* 78 DPR 849, 856-857 (1955).

[4] *Pueblo v. Paonesa Arroyo,* 173 DPR 203, 213 (2008); E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, 1992, Vol. II, Sec. 17.2, pág. 461.

[5] *Pueblo v. Paonesa Arroyo*, supra, pág. 214.

sin que comenzara el juicio.[6] Su fin, entre otras cosas, es agilizar los procedimientos judiciales, promoviendo que se lleven a cabo lo antes posible.[7] Persigue "asegurar la comparecencia del acusado a los procedimientos en defecto de la prestación de una fianza y, a su vez, evitar que a éste se le castigue excesivamente por un delito por el cual no ha sido juzgado".[8]

Cónsono con lo anterior, el Código de Enjuiciamiento Criminal, 34 LPRA Sec. 1741, establece que:

> (a) Cualquier persona que sea encarcelada o ilegalmente privada de su libertad puede solicitar un auto de hábeas corpus a fin de que se investigue la causa de dicha privación.
>
> (b) Ningún juez vendrá obligado a considerar una solicitud de hábeas corpus para investigar la validez de la detención de una persona recluida en virtud de una sentencia dictada por cualquier Sala del Tribunal de Primera Instancia, si aparece que la legalidad de dicha detención ha sido ya determinada por cualquier juez del Tribunal de Primera Instancia con motivo de una solicitud de hábeas corpus anterior, y la nueva solicitud no aduce ningún fundamento que no haya sido presentado y adjudicado anteriormente, y el juez o tribunal está convencido de que la expedición del auto no servirá los fines de la justicia.
>
> (c) Ningún juez considerará una solicitud de hábeas corpus presentada por un confinado recluido en virtud de sentencia final que no haya agotado el remedio provisto en la Regla 192.1 de Procedimiento Criminal, Ap. II de este título. Cuando habiéndolo solicitado le hubiese sido denegado, el tribunal no considerará una solicitud de hábeas corpus a menos que aparezca que el remedio provisto por dicha regla era inadecuado o inefectivo para impugnar la validez de la detención.

---

[6] Íd., pág. 215.

[7] Íd.

[8] *Pueblo v. Pagán Medina,* 178 DPR 228, 236 (2010).

Por su parte, el Art. 470 del Código de Enjuiciamiento Criminal, 34 LPRA Sec. 1742, instituye lo siguiente en cuanto a la petición de hábeas corpus:

> La solicitud del auto se hará a petición firmada por la persona a cuyo favor se hace o por otra [a] nombre de aquélla, y especificará lo siguiente:
> (1) Que la persona a cuyo favor se solicita el auto está encarcelada y privada de su libertad, el funcionario o persona que le privó de la libertad, y el sitio o lugar en donde se encuentra, describiendo las partes, si son conocidas o desconocidas.
> (2) Si se alega que la encarcelación es ilegal, la solicitud ha de contener también las razones en que se funde la pretendida ilegalidad.
> (3) La solicitud ha de ser jurada por la persona que la haga.

### III

Ciertamente, el procedimiento criminal debe llevarse a cabo dentro de los límites temporales impuestos tanto por la Constitución como por las Reglas de Procedimiento Criminal. Sin embargo, no se viola un derecho que aún no se ha activado. Tampoco procede un hábeas corpus cuando se instó a destiempo.

En primer lugar, aunque en *Ex parte Ponce Ayala,* 179 DPR 18 (2010), resolvimos que el término constitucional de detención preventiva antes del juicio comienza a partir del momento en que el imputado queda detenido por no poder prestar la fianza requerida o desde su revocación, esta es la norma general y no una norma absoluta. De hecho, la controversia que atendimos en *Ex parte Ponce Ayala*, supra*, es claramente distinguible.

En *Ex parte Ponce Ayala,* supra, tuvimos que resolver en qué momento comenzaba el término constitucional de detención preventiva; si con el arresto del individuo, o desde la vista de causa probable para el arresto en la que se impuso la fianza. Esto es, la controversia se circunscribió a determinar si el término comenzó con el arresto o con la determinación de causa probable para arresto y la imposición de la fianza que no prestó.[9] En ese caso no se trataba de una persona que estuvo arrestada fuera de Puerto Rico por un periodo y tuvo que ser extraditado, como ocurrió en el caso de autos. Por eso no fue necesario hacer distinción alguna en aquellos casos donde la persona es trasladada a una institución penitenciaria en Puerto Rico con posterioridad para que pueda comenzarse el proceso criminal en su contra. El análisis esbozado en *Ex parte Ponce Ayala,* supra, en todo caso, sostiene aún más la postura de que el término que la persona imputada se encuentra fuera de nuestra jurisdicción no debe contarse como parte del término de detención preventiva.

Debo resaltar que en *Pueblo v. Pagán Medina,* 178 DPR 228 (2010) (en reconsideración), colegimos que, para efectos de la Cláusula de Detención Preventiva, no se incluye dentro del cálculo de 180 días el periodo de tiempo en que el Ministerio Público está impedido de procesar a una persona imputada de cometer delito. Esta es la imposibilidad que se

---

[9] *Ex parte Ponce Ayala,* 179 DPR 18, 22 (2010).

aviva cuando la persona es arrestada fuera de nuestra jurisdicción. Tan es así que en los delitos graves, como el imputado en el caso de autos, es requisito indispensable que se lleve a cabo el acto de lectura de la acusación en presencia de la persona acusada antes de que pueda comenzar el juicio.[10]

Precisamente, acorde con lo esbozado por nosotros, es necesario resaltar que el Proyecto de Reglas de Procedimiento Criminal que se encuentra ante nuestra consideración recoge de cierta manera esta normativa. En particular, el término de detención preventiva se define como "la privación efectiva de la libertad de una persona imputada de delito **en una institución penitenciaria <u>de Puerto Rico</u>**, desde que es ingresada en dicha institución por no haber prestado la fianza impuesta y mientras espera la celebración del juicio". (Énfasis suplido).[11] Así pues, este proyecto ——al igual que otros proyectos anteriores—— parte de la premisa de que nuestra Constitución establece que la persona tiene que estar **en nuestra jurisdicción** para que el término de detención preventiva se active.[12] Tomando como partida ese momento, es

---

[10] Regla 52 de Procedimiento Criminal, 34 LPRA Ap. II ("En los casos en que se presentare acusación, antes de someterse a juicio al acusado deberá llevársele al tribunal para el acto en sesión pública de la lectura de la misma, a no ser que en ese acto el acusado renunciare a dicha lectura, y para que formule su alegación. […].").

[11] Regla 1001 del *Informe de Reglas de Procedimiento Criminal*, noviembre 2018, pág. 554.

[12] Véanse: *Ponce Ayala Ex Parte II,* 179 DPR 166, 171-172 (2010); *Proyecto de Reglas de Procedimiento Penal*, Secretariado de la Conferencia Judicial y Notarial, enero 2008, pág. 135.

forzoso concluir que el juicio comenzó antes de que transcurriera el plazo de 180 días desde su detención preventiva.

Ahora bien, más allá del momento en que debemos o no calcular el comienzo del término de detención preventiva, lo cierto es que, en todo caso, tendríamos ante nuestra consideración un derecho reclamado tardíamente. En efecto, un escenario en el cual los principios en que se fundamenta la Cláusula de Detención Preventiva, según reconocidos por este Tribunal, se cumplieron. La detención del señor Ortiz García no es, por lo tanto, ilegal. Las disposiciones constitucionales de una persona no deben predicarse en el automatismo. Después de todo, los derechos consagrados en la Constitución de Puerto Rico están fundamentados en ciertos propósitos o cimientos que deben guiar su aplicación.

En este caso, distinto a lo afirmado bajo juramento por la abogada el 13 de febrero de 2020, en su primera comparecencia ante este Tribunal, el juicio comenzó el 23 de enero de 2020. Nótese que habían transcurrido veintiún (21) días entre el comienzo del juicio y la presentación de la solicitud de hábeas corpus ante esta Curia. Reitero, **el juicio había comenzado**.

## IV

En vista de todo lo anterior, no me queda más que reafirmar mi **voto de conformidad** con la resolución que emite

este Tribunal, mediante la cual provee **No Ha Lugar** a la petición de hábeas corpus.


                                        Edgardo Rivera García
                                             Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Arnaldo Ortiz García

    Demandante

       v.                          HC-2020-01      *Habeas Corpus*

Alcaide Institución Penal de Bayamón

    Demandado

La Jueza Presidenta ORONOZ RODRÍGUEZ emitió un Voto particular disidente al cual se unió el Juez Asociado señor ESTRELLA MARTÍNEZ.

En San Juan, Puerto Rico, a 20 de febrero de 2020.

Declararía Ha Lugar la *Petición de habeas corpus* que presentó el Sr. Arnaldo Ortiz García. No cabe duda que el Estado lo mantuvo detenido preventivamente en violación del término de seis meses que establece la Sección 11, Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico. La actuación mayoritaria avala que el señor Ortiz García permanezca en la cárcel mientras se le enjuicia a pesar de que: (1) estuvo bajo la custodia y control efectivo del Estado por un total de **182 días** antes de que comenzara el juicio, y (2) el Estado no ha probado que es culpable del delito que se le imputa. Es evidente que ello constituye un "castigo anticipado por un delito

no juzgado" del tipo que esta protección constitucional procura prevenir. Sánchez v. González, 78 DPR 849, 854 (1955).

Como se sabe, la Constitución dispone que "[l]a detención preventiva antes del juicio no excederá de seis meses" Art. II, Sec. 11, Const. ELA, LPRA, Tomo 1. Esta protección asegura que el Estado tendrá tiempo para iniciar el procesamiento criminal contra el acusado y garantizar su presencia, pero a la misma vez evita que la restricción de la libertad personal del acusado conlleve la imposición de una pena prematuramente, es decir, antes de que se le haya juzgado por el delito que se le imputa. Sánchez, supra, págs. 856-857.

En Ex parte Ponce Ayala, 179 DPR 18 (2010), este Tribunal se equivocó al resolver que el término de 180 días "comienza a partir del momento en que el imputado queda detenido por no poder prestar la fianza requerida o desde su revocación" y no desde su arresto. Tal y como indicó la entonces Jueza Asociada señora Fiol Matta en su Opinión disidente –a la cual se unió la Juez Asociada señora Rodríguez Rodríguez– el término de detención preventiva "comienza a transcurrir desde el arresto o aprehensión del individuo y no desde que el imputado permanece detenido por no prestar fianza". Íd., pág. 31. Fundamentó su postura en que del Diario de Sesiones de la Convención Constituyente no surge que los forjadores de nuestra Constitución hubiesen

realizado semejante distinción entre la detención antes de fijarse la fianza y la continuación de la detención cuando el imputado no puede prestarla; al contrario, expresaron que "el acusado tiene derecho a que se le celebre juicio no más tarde de 6 meses cuando **está preso**". 3 Diario de Sesiones de la Convención Constituyente 1596 (1952) (Énfasis suplido). Según expuso la Jueza Fiol Matta de manera clara, contundente y en apego estricto a la palabra de los formadores de nuestra Constitución: "[la] condición de 'estar preso' no sucede al no prestarse la fianza **sino que está presente desde que la persona arrestada está bajo la custodia y control efectivo del Estado**". Ex parte Ponce Ayala, supra, pág. 33 (Énfasis suplido). Abstraernos de esta realidad provee una *carte blanche* al Estado para burlar la Cláusula de Detención Preventiva, pues con meramente dilatar la vista para fijar la fianza o el proceso de extradición se trataría como válida una detención que excedió el término constitucionalmente permisible.

En este caso, al señor Ortiz García se le arrestó el 25 de julio de 2019 en el estado de Carolina del Norte por razón de una orden de arresto que emitió un Tribunal de Primera Instancia de Puerto Rico. Se advierte que el señor Ortiz García se había mudado a ese estado y no se encontraba prófugo. El 15 de agosto de 2019 ingresó en una institución penal en Puerto Rico y el 23 de enero de 2020 comenzó el juicio. En tanto el señor Ortiz García estuvo bajo la custodia y control efectivo del Estado desde su arresto el

25 de julio de 2019 hasta el comienzo del juicio el 23 de enero de 2020, procedía concluir que se violó su derecho constitucional a no estar detenido preventivamente por más de 180 días. Es evidente que el Estado le privó de su libertad mediante su encarcelamiento por un total **182 días** antes del juicio. "Ciertamente, no existe una diferencia entre estar encerrado entre tres paredes y unos barrotes en un cuartel de la policía o estar bajo esas mismas circunstancias en una institución penitenciaria", pues en ambas circunstancias "la libertad de la persona está restringida hasta que se le procese o salga bajo fianza" Íd., págs. 33-34.

En Ex parte Ponce Ayala, supra, nos equivocamos al trazar tal distinción. Al resolver que el término de detención preventiva comienza a transcurrir desde que el imputado tuvo oportunidad de prestar fianza –en lugar de desde que se le arrestó– este Tribunal menoscabó drásticamente una protección constitucional que opera como un límite importante al poder del Estado para detener preventivamente a un imputado "por la mera utilidad de [tenerlo] disponible para llevarle al tribunal". Sánchez, supra, pág. 857.

Nótese que en este caso el Ministerio Público movió la maquinaria de un estado de Estados Unidos para arrestarle en virtud de una orden que se emitió en nuestra jurisdicción. Sostener que el tiempo que el señor Ortiz García estuvo

encarcelado en Carolina del Norte en espera de ser extraditado no se debe computar como parte del término de detención preventiva ignora esta realidad, y mancilla el propósito primordial de esta protección constitucional: "impedir que se pueda **encarcelar** a una persona por más de seis meses sin celebrarle juicio". Informe final de la Comisión de Carta de Derechos de la Convención Constituyente, 4 Diario de Sesiones de la Convención Constituyente de Puerto Rico 2571 (1952) (Énfasis suplido). La privación de la libertad por parte del Estado cuando se está detrás de barrotes es eso y nada más. Encarcelar a una persona en Puerto Rico o en Carolina de Norte no altera su condición de estar preso. Insistir en que existen categorías de encarcelamiento o detención con efectos jurídicos distintos para comprarle más tiempo al Estado no solo es peligroso, sino que es inconstitucional.

De nuevo, el Ministerio Público fue quien puso en marcha el proceso que culminó con el arresto del señor Ortiz García en Carolina del Norte el 25 de julio de 2019, precisamente para extraditarlo y que se le pudiese enjuiciar en Puerto Rico. No procede restar los 21 días que el señor Ortiz García estuvo encarcelado en Estados Unidos del término de detención preventiva por razón de que durante ese tiempo no estaba "sujeto a responder" ante los tribunales de Puerto Rico. Ello no tiene sentido pues su arresto en Carolina del Norte se realizó: (1) en virtud de una orden de arresto que

emitió **un tribunal de Puerto Rico** y (2) con el propósito expreso de extraditarlo y **enjuiciarlo en Puerto Rico.**

Sin embargo, esto no dispone de la controversia que examinamos. En este caso, el señor Ortiz García presentó la petición de *habeas corpus* el 13 de febrero de 2020, luego de que el juicio comenzó. Ello no impide que el señor Ortiz García reclame su excarcelación a base de una violación al término de detención preventiva. La postura más cónsona con el texto y espíritu de la Constitución es que **la violación del término de detención preventiva produce una garantía inmediata de libertad para el acusado -es decir, un derecho automático a una libertad provisional sin fianza-independientemente de si el acusado lo reclama antes o después de comenzado el juicio.** Ello también está en línea con nuestra jurisprudencia sobre este tema; fíjese que ya en Sánchez, supra, pág. 858, describimos este derecho como uno "que engendra, por motivos superiores de política pública, una garantía inmediata de libertad".

Argüir, por el contrario, que el señor Ortiz García no puede reclamar su excarcelación por violación a los términos de detención preventiva una vez comienza el juicio contravendría la presunción de inocencia que asiste a todo acusado. Lo anterior, pues provocaría que se le castigue excesivamente por un delito por el cual no ha sido juzgado todavía al obligarle a permanecer encarcelado mientras se dilucida el juicio, aun cuando el Estado incumplió su deber

de comenzar el juicio en el término constitucional. En fin, el perjuicio de los derechos constitucionales del acusado es de tal gravedad que impera mi disenso enérgico.


                                    Maite D. Oronoz Rodríguez
                                          Juez Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Arnaldo Ortiz García

    Demandante

      v.                        HC-2020-01     *Habeas Corpus*

Alcaide Institución Penal de
Bayamón

    Demandado


Voto Particular Disidente emitido por el Juez Asociado señor COLÓN PÉREZ.


        En San Juan, Puerto Rico a 20 de febrero de 2020.

        El señor Arnaldo Ortiz García (en adelante, "señor Ortiz García") fue arrestado en el estado de Carolina del Norte el 25 de julio de 2019 e ingresado a una institución penal en dicho estado hasta el 15 de agosto de 2019, fecha en que fue ingresado en una institución penal puertorriqueña. Posteriormente, el 23 de enero de 2020, para ser específicos, se dio comienzo al juicio de éste.[13]

---

[13] En el presente análisis, se dan por ciertas las fechas a las que el señor Ortiz García hace referencia en su petición de *habeas corpus* y el Procurador General no contradijo. Por ende, se entiende que el mismo -- según las fechas expuestas en su petitorio -- estuvo recluido por ciento ochenta y dos (182) días, comenzando en la fecha en que fue arrestado en Carolina del Norte.

El señor Ortiz García alega estar detenido ilegalmente. Tiene razón. De una matemática sencilla se desprende, con meridiana claridad, que éste lleva más de ciento ochenta (180) días bajo detención preventiva. Procede, pues, su excarcelación.

En ese sentido, nos parece improcedente, y en extremo lamentable, despachar la petición de *habeas corpus* ante nuestra consideración mediante un mero no ha lugar. Y es que estar encarcelado un sólo día en exceso del término máximo de detención preventiva, dispuesto en el Art. II, Sec.11 de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo 1, -- sea en una institución penitenciaria dentro o fuera de Puerto Rico -- contraviene las protecciones más básicas provistas por nuestra Carta Magna.

**Contrario a lo que señala una mayoría de este Tribunal, para poder invocar el derecho constitucional al que hacemos referencia, la Constitución del Estado Libre Asociado de Puerto Rico habla de días en que un ser humano está privado de su libertad, no del lugar donde le ha sido privado ésta. Nuestra Carta Magna no distingue si los días en que una persona fue privada de su libertad estuvo recluida en una institución penitenciaria fuera de Puerto Rico o dentro de nuestra jurisdicción. Es simple, la Constitución del Estado Libre Asociado de Puerto Rico sólo exige que, cumplido el término de seis (6) meses o ciento ochenta (180) días, de**

**detenerse preventivamente a una persona sin que se le haya celebrado el juicio, ésta sea puesta en libertad.**

Recordemos que nuestra Carta Magna -- de manera vanguardista -- dispone explícitamente que "[l]a detención preventiva antes del juicio no excederá de seis meses". Art. II, Sec. 11, Const. ELA, LPRA, Tomo 1. Al incorporar esta protección, según se deriva de la discusión habida entre los miembros de la Convención Constituyente, se buscó aquí proteger la presunción de inocencia del acusado y, a la misma vez, permitir el funcionamiento eficaz de la maquinaria de la administración de la justicia. 3 Diario de Sesiones de la Convención Constituyente de Puerto Rico 1595-1596 (2003). **A esos efectos, el delegado Alvarado expresó que "[s]i llega a seis meses [y] un día, el hombre se va a la calle por un hábeas corpus".** Diario de Sesiones, *supra*, pág. 1595. Véase, *Pueblo v. Aponte Ruperto*, 199 DPR 538 (2018)(Colón Pérez, opinión de conformidad).

Así pues, por entender que el mandato constitucional establecido en el Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo 1, ha sido violentado en la causa de epígrafe, hubiese provisto ha lugar a la solicitud de *habeas corpus* presentada por el señor Ortiz García y devuelto el caso al Tribunal de Primera Instancia para la continuación de los procesos pertinentes, según lo establecido en la Regla 218 de Procedimiento Criminal, 34 LPRA Ap. II.

No podemos ignorar la realidad y consecuencias de estar detenido preventivamente; no al menos el Juez que suscribe. Al final del día, se trata de una protección constitucional que cobija a todo ser humano.

Es, pues, por los fundamentos expresados en este Voto Particular Disidente que disentimos enérgicamente del curso de acción seguido por una mayoría de este Tribunal.


Ángel Colón Pérez
Juez Asociado