EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>David Andújar Figueroa<br><br>Peticionario | Certiorari<br><br>2020 TSPR 46<br><br>204 DPR ____ |

Número del Caso: CC-2020-66

Fecha: 22 de mayo de 2020

Tribunal de Apelaciones:

    Panel III

Sociedad para Asistencia Legal:

    Lcda. Marangely González Correa

Oficina del Procurador General:

    Lcdo. Isaías Sánchez Báez
    Procurador General

    Lcda. Lisa Mónica Durán Ortiz
    Procurador General Auxiliar

Materia: Desestimación por Academicidad/ Detención preventiva/ Término de juicio rápido.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>David Andújar Figueroa<br><br>Peticionario | CC-2020-0066 | |

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de mayo de 2020.

Examinada la *Urgente solicitud de desestimación por academicidad* presentada por la Oficina del Procurador General el 20 de mayo de 2020, se declara "con lugar" la misma.

Notifíquese inmediatamente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió un Voto particular al cual se une el Juez Asociado señor Colón Pérez. La Jueza Presidenta Oronoz Rodríguez no interviene. El Juez Asociado señor Rivera García no intervino.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | |
| :--- | :--- |
| Recurrido | |
| v. | CC-2020-66 |
| David Andújar Figueroa | |
| Peticionario | |

Voto particular emitido por el Juez Asociado señor ESTRELLA MARTÍNEZ, al cual se une el Juez Asociado señor COLÓN PËREZ

En San Juan, Puerto Rico, a 22 de mayo de 2020.

A la luz de garantías individuales como el derecho a la presunción de inocencia, a la libertad y a un debido proceso de ley, entiendo que el Tribunal de Primera Instancia actuó correctamente al ordenar la excarcelación del Sr. David Andújar Figueroa (señor Andújar Figueroa). Sin embargo, el martirio procesal al cual se enfrentó el señor Andújar Figueroa y, no menos relevante, las estrategias de litigación que está utilizando el Ministerio Público en controversias de esta naturaleza que obstaculizan otorgar un remedio adecuado, completo y oportuno, amerita que abundemos en torno al alcance y los efectos de la cláusula de detención preventiva.

Como es conocido, la Constitución de Puerto Rico prohíbe expresamente la detención preventiva en exceso de seis (6) meses. Art. II, Sec. 7, Const. PR, LPRA,

Tomo 1. Ello significa que toda persona acusada de delito que no tenga los recursos económicos para sufragar una fianza, solo podrá estar encarcelada por un término máximo de seis (6) meses mientras espera que se celebre el juicio en su contra. <u>Pueblo v. Méndez Pérez</u>, 193 DPR 781, 787 (2015). A esos efectos, la Convención Constituyente contempló que, una vez se cumpliera el referido término de seis (6) meses, **automáticamente** la persona acusada tendrá derecho a ser excarcelada y a permanecer en libertad mientras se dilucida en procedimiento criminal al cual se enfrenta. Así consta consecuente y reiteradamente en las expresiones de los Delegados:

> Sr. ALVARADO: . . . **Este término que estamos fijando es tan y tan perentorio que si llegan los seis meses y el acusado no ha sido sometido a juicio, la corte tiene que ponerlo en la calle por un hábeas corpus inmediatamente que hayan pasado los seis meses.**
> . . .
> Sr. BEN[Í]TEZ: […] Esto lo que quiere decir es que en los casos donde no ha mediado juicio, una persona no puede estar detenida en la cárcel por más de seis meses. **Llega el día del último mes de los seis meses y entonces lo ponen en la calle y eso no impide que se celebre juicio;** pero se le celebra juicio ahora estando como si estuviera bajo fianza, sin estarlo. (Énfasis suplido). Diario de Sesiones de la Convención Constituyente de Puerto Rico, en las págs. 1948, 1952 (versión digital).[1]

Lo anterior responde al interés público de que las personas no se castiguen excesivamente por un delito por el cual no se le ha juzgado. A raíz de ello, hemos reconocido que una vez se cumpla el término de seis

---

[1] Véase, <u>Pueblo v. Aponte Ruperto</u>, 199 DPR 538, 559-561 (2018) (Estrella Martínez, Opinión de conformidad) y (Colón Pérez, Opinión de conformidad), para una discusión elaborada sobre éstas y un sinnúmero de expresiones de los Delegados que reiteran lo aquí expuesto.

(6) meses, la cláusula de detención preventiva "engendra, por motivos superiores de política pública, una **garantía inmediata de libertad**". (Énfasis suplido). Sánchez v. González, 78 DPR 849, (1955). Por tanto, como puede apreciarse, el término de detención preventiva es de caducidad y, por ende, improrrogable.

De hecho, "las razones atribuibles a la demora para la celebración del juicio resultan inconsecuentes para fines de esta garantía constitucional que se activa con el mero pasar del tiempo". Pueblo v. Aponte Ruperto, 199 DPR 538, 561 (2018) (Estrella Martínez, Opinión de conformidad). En ese sentido, la violación a los términos de juicio rápido, con o sin justa causa, **no** es fundamento suficiente para extender la detención preventiva de una persona. Así lo vislumbró el delegado Héctor González Blanes al exponer lo siguiente:

> **O sea, una cosa son los seis meses que se conceden, los 60 días que se conceden para la presentación de la acusación y los 120 días durante los cuales se le debe someter a juicio. Y otra es la detención preventiva.** Lo que se quiere evitar con esta disposición es que un individuo esté preventivamente detenido por tiempo ilimitado, como acontece muchas veces en los tribunales. Y no se refiere a la obligación que tiene el acusado a que se le celebre juicio, de acuerdo con el Código de Enjuiciamiento Criminal, dentro de los 120 días. (Énfasis suplido). Diario de Sesiones de la Convención Constituyente de Puerto Rico, en las págs. 1949-1950 (versión digital).

En consecuencia, el mero hecho de que el Estado tenga justa causa o no para incumplir con los términos de juicio rápido no tiene efecto alguno en la detención preventiva de una persona acusada de delito. Precisamente, este Tribunal ha resuelto lo que "**aun**

**cuando pudiera existir de parte del Estado justa causa para la no celebración del juicio dentro del término estatutario señalado, ello no surtiría el efecto de prolongar la prisión en espera de juicio por más de 6 meses, ni de impedir la excarcelación del acusado vencido dicho término**". (Énfasis suplido). Sánchez v. González, supra, pág. 855. Entiéndase, el término de detención preventiva, distinto a los términos de juicio rápido, **no se interrumpen por justa causa.** E. Chiesa Aponte, Derecho Procesal Penal, 80 Rev. Jur. UPR 681, 689-690 (2011).

En el caso ante nuestra consideración, el Ministerio Público presentó cargos criminales en contra del Sr. David Andújar Figueroa (señor Andújar Figueroa). Debido a que éste no pudo sufragar la fianza impuesta, fue encarcelado el 20 de mayo de 2019. Subsiguientemente, el 23 de septiembre de 2019, el Tribunal de Primera Instancia desestimó los cargos en su contra, pues "señalado el juicio en varias ocasiones, el Ministerio Público nunca estuvo preparado".[2] Entiéndase, se desestimó el caso debido a que el Estado violó los términos de juicio rápido sin justa causa. Sin embargo, ese mismo día, el Ministerio Público presentó nuevamente los mismos cargos en contra del señor Andújar Figueroa. A esos efectos, se fijó una fianza que el peticionario no pudo desembolsar, por lo que **permaneció encarcelado.** Por tanto, el 26 de noviembre de 2019, **más de seis (6) meses** desde de su encarcelamiento, el señor Andújar

---

[2] Apéndice de certiorari, Sentencia del Tribunal de Primera Instancia, pág. 69.

Figueroa presentó un <u>habeas corpus</u> solicitando su excarcelación.

Ante ello, el Ministerio Público arguyó que el señor Andújar Figueroa estaba despojado de la protección de la cláusula de detención preventiva. Así, alegó que una vez se desestimaron los cargos y se presentaron nuevamente los mismos, comenzó a decursar un nuevo término de seis (6) meses de detención preventiva. Lo anterior, en tiempos ordinarios o extraordinarios, no tiene apoyo en la Constitución de Puerto Rico ni en su jurisprudencia interpretativa.

Según hemos expuesto, nuestro ordenamiento contempla expresa y claramente que nadie puede estar encarcelado o encarcelada en espera de un juicio por un término mayor de seis (6) meses. Las garantías individuales dispuestas en la Constitución de Puerto Rico exigen que este término no admita excepciones, extensiones ni prórrogas. Como he adelantado, ello responde a una premisa básica: "prisión es prisión". <u>Arnaldo Ortiz García v. Alcaide Institución Penal de Bayamón</u>, 2020 TSPR 16 en la pág. 2 (res. 20 de febrero de 2020) (Estrella Martínez, expresiones disidentes). Véase, además, Voto particular disidente emitido por el Juez Asociado señor Colón Pérez. Precisamente, es por ello que tanto la Convención Constituyente como este Tribunal han dispuesto que los términos de juicio rápido no tienen efecto alguno en la detención preventiva de una persona encarcelada. Por tanto, no podemos crear una ficción jurídica para negar la realidad de que una persona ha estado encarcelada en exceso de un término de seis (6) meses. Es innegable

que la violación a los términos de juicio, con o sin justa causa, no justifica una extensión de la detención preventiva.

Lo contrario no solo sería inconstitucional, sino que además premiaría la inacción, la dejadez y hasta promovería que el Ministerio Público se cruce de brazos. Ello, sería una burla crasa a la protección constitucional de detención preventiva. No se trata de no luchar contra la criminalidad. Se trata de luchar contra la criminalidad sin que el Estado incurra en violaciones constitucionales. Se puede en otras jurisdicciones. Se tiene que hacer en Puerto Rico también. Es el justo balance que contemplaron los constituyentes y es lo que exige una democracia.

Recordemos que la Constitución de Puerto Rico le dicta la agenda al Estado sobre sus prioridades administrativas, tecnológicas y de política pública. No es a la inversa. Si así fuera, las garantías esenciales quedarían al capricho de los gobernantes y de los que ejercemos el poder.

Luis F. Estrella Martínez
Juez Asociado